UNITED STATES DISTRICT COURT **1 0 0 4 2 RWZ**
DISTRICT OF MASSACHUSETTS

CLERK'S OFFICE

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER JAN 8  A 11: 15 **MAGISTRATE JUDGE** _Alexander_ | |
| of the NEW ENGLAND TEAMSTERS AND | ) |
| TRUCKING INDUSTRY PENSION FUND U.S. DISTRICT COURT | |
| DISTRICT OF MASS. | |
| Plaintiff, | ) |
| | ) C.A. No. |
| v. | ) _52992_ |
| | ) AMOUNT $150 |
| D&N TRANSPORTATION COMPANY, INC. | ) SUMMONS ISSUED _yes_ |
| | ) LOCAL RULE 4.1 |
| Defendant, | ) WAIVER FORM |
| | ) MCF ISSUED |
| | ) BY DPTY. CLK. _F.O.M_ |
| | 1/8/04 |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant D&N Transportation Company, Inc., is an employer incorporated in the State of Rhode Island with a place of business in North Smithfield, Rhode Island.

Defendant is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

5. Teamsters Local Union No. 251 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, defendant has been obligated by the terms of one or more collective bargaining agreements between defendant and Teamsters Local Union No. 251 and by the terms of an Agreement and Declaration of Trust to which defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

7. Defendant has failed to make required contributions to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. §1145.

8. Specifically, Defendant has failed to pay contributions owed pursuant to a payroll audit conducted on or about February 10, 2003.

WHEREFORE, plaintiff demands that judgment enter in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2):

1. Awarding the Pension Fund the following amounts:

a. the unpaid contributions;

b. interest on those contributions from the date the payment was due;

c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Permanently enjoining the defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union No. 251 and the

Agreement and Declaration of Trust to make timely contributions and reports to the Pension

Fund; and

     3. Ordering such other and further relief as this court may deem just and proper.

Dated: January 7, 2004                  Respectfully submitted,

                                Catherine M. Campbell
                                BBO #549397
                                FEINBERG, CAMPBELL & ZACK. P.C.
                                177 Milk Street
                                Boston, MA 02109
                                (617) 338-1976

                                Attorney for plaintiff,
                                Charles Langone, Fund Manager

## CERTIFICATE OF SERVICE

     I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Date: January 7, 2004

                                Catherine M. Campbell